# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>MORALES, et al.,<br><br>Respondents. | Case No. 24-cv-0650-RSH-MMP<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF No. 26] |

Before the Court is what the Court construes as Petitioner Tommy Lee Williams' Motion for Appointment of Counsel. ECF No. 26. Petitioner, a state prisoner proceeding pro se and in forma pauperis, says he is "asking again for an attorney." ECF No. 26 at 1.

In April 2024, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis and a motion to appoint counsel. ECF Nos. 1, 2, 3. He was granted leave to proceed in forma pauperis, but his petition was dismissed with leave to amend and his motion for appointment of counsel was denied as moot.[1] ECF No. 5. Petitioner then filed an amended petition. ECF No. 7.

---

[1] Because the motion currently before the Court is Petitioner's second (arguably third) motion for appointment of counsel, the Court could view this as a motion for

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). District courts have discretion, however, to appoint counsel for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009); 28 U.S.C. § 1915(e)(1). In considering whether to appoint counsel in a civil suit, the court should assess: (1) whether the prisoner is likely to succeed on the merits and (2) whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Petitioner bears the burden of showing exceptional circumstances exist. *Palmer*, 560 F.3d at 970.

Petitioner has not shown exceptional circumstances. In fact, Petitioner has not presented any circumstances at all. Instead, his motion merely says he is "asking again for an attorney." ECF No. 26 at 1. Though already denied as moot, the Court nonetheless reviewed Petitioner's initial motion for appointment of counsel in search of some context. ECF No. 3. Petitioner's initial motion was not any more insightful—it simply said, "I am asking the courts for counsel on this writ of habeas corpus." ECF No. 3. Because Petitioner has failed to present the Court with exceptional circumstances, his motion for appointment of counsel should be denied.

However, even if Petitioner had provided a persuasive reason for requiring counsel, any such reason would be largely undermined by the current posture of the case. Procedurally, there is very little left to be accomplished. Petitioner has filed his amended petition without counsel, Respondents have responded and lodged the state court record,

---

reconsideration under Fed. R. Civ. P. 60. ECF Nos. 3, 7 at 13, 26. However, given Petitioner's pro se status and the denial of his initial motion for appointment of counsel as moot (without analysis), the Court elects to consider this as an entirely new motion for appointment of counsel.

and Petitioner has filed his opposition. ECF Nos. 7, 13, 17–19. It is unclear to the Court how an attorney at this point in the litigation could assist Petitioner.

In light of Petitioner's failure to cite any circumstances for why he should be appointed civil counsel, the Court sees no need to appoint counsel. Nevertheless, the Court has also considered the more traditional exceptional circumstances analysis and concluded Petitioner is not "unable to articulate his claims in light of the complexity of the legal issues involved." *Cano*, 739 F.3d at 1218 (citing *Palmer*, 560 F.3d at 970).

The Court does not see this as a complex case. Petitioner challenges his convictions on four facially unpersuasive grounds: (1) "prosecutorial misconduct" on the basis that the prosecutor knew the police "made up" the crime scene for racial reasons and ignored the fact that Petitioner's victim tried to have him killed in prison, (2) "police misconduct" on the basis that the Escondido Police Department "made up" the crime scene and called him a racial slur, (3) ineffective assistance of counsel on the basis that his attorney "should have known what they did" and did not provide Petitioner all of the discovery photos, and (4) Petitioner's victim and all the other witnesses testified falsely about what happened. ECF No. 7 at 6–9. On its face, the Court does not see anything complex about Petitioner's allegations. But as previously mentioned, even if there are hidden complexities in his claims, this matter has already been fully briefed without counsel.

Given Petitioner's failure to demonstrate exceptional circumstances and the uncertain utility of counsel at this point in the proceedings, it is not in the interests of justice to appoint Petitioner counsel. Accordingly, Petitioner's motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED**.

Dated:  August 29, 2025

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge